**Reginald B. DeJOHNETTE, Plaintiff–Appellant,**

v.

**Charles LEE; et al., Defendants–Appellees.**

No. 10–17576.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 10, 2012.*

Filed Sept. 25, 2012.

Reginald B. DeJohnette, Soledad, CA, pro se.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jay Russell, Erin Sullivan, AGCA–Office of the California Attorney General, San Francisco, CA, for Defendants–Appellees.

Before: WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Reginald B. DeJohnette, a California state prisoner, appeals pro se from the district court's September 30, 2010 order dismissing DeJohnette's 42 U.S.C. § 1983 complaint alleging deliberate indifference to his serious medical needs. We dismiss the appeal for lack of appellate jurisdiction.

The district court dismissed DeJohnette's complaint with leave to amend. Rather than filing an amended complaint or obtaining a final order of dismissal from the district court, DeJohnette filed a notice of appeal. We therefore lack jurisdiction. *See WMX Tech., Inc. v. Miller,* 104 F.3d 1133, 1135–37 (9th Cir.1997) (en banc) (a district court's dismissal that expressly grants leave to amend is not final, and a final judgment must be obtained before such a case becomes appealable). The exception allowing a premature notice of appeal to be treated as timely filed under Fed. R.App. P. 4(a)(2) does not apply. *See Serine v. Peterson,* 989 F.2d 371, 372 (9th Cir.1993) (order) ("Rule 4(a)(2) permits a notice of appeal from a nonfinal decision to operate as a notice of appeal from the final judgment only when a district court announces a decision that *would be* appeal-able if immediately followed by the entry of judgment.").

Because we dismiss for lack of jurisdiction, we do not consider DeJohnette's outstanding motions.

**DISMISSED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).